Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Erik M. Baker;<br><br>    Plaintiff,<br><br>v.<br><br>Pioneer Automotive LLC; Wail Abushaar; Insurance Auto Auctions, Inc.; K & K Motors LLC; and Justin Shecton;<br><br>    Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. INTRODUCTION

1. Plaintiff purchased a 2013 Nissan Altima (hereinafter "Altima" or "Vehicle") from K & K Motors LLC, through its agent Justin Shecton, who had advertised on facebook that the Altima had 59,000 original miles. Shortly after purchasing the Altima, Plaintiff learned that the odometer had been rolled back. A CarFax report revealed that the Altima had more than 157,000 miles on its odometer nearly a year before Plaintiff purchased it. The title history on

1  the Altima also revealed that the Defendants participated in altering the odometer reading, and / or providing false disclosures in order to cover up the true mileage of the Altima.

2. Plaintiff brings this action to remedy Defendants' violations of the federal Motor Vehicle Information and Costs Savings Act, also known as the federal Odometer Act, 49 U.S.C. § 32701, *et seq.* (herein after "the Odometer Act"), and for violation of the Arizona Consummer Fraud Act.

## II.  JURISDICTION

3. Jurisdiction of this Court arises under 49 U.S.C. § 32710(b) and 28 U.S.C. §§ 1331 and 1337.

4. Venue lies in the Tucson Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III.  PARTIES

5. Plaintiff Erik M. Baker is a resident of Pima County, Arizona.
6. Plaintiff is a "transferee" as defined by 49 C.F.R. § 580.3.
7. Defendant Pioneer Automotive LLC is an Arizona limited liability company who conducts business within the state of Arizona under the name of Pioneer Automotive ("Pioneer").
8. Pioneer was licensed by the State of Arizona as a Used Motor Vehicle Dealer until September 2017, when its license lapsed.
9. Pioneer is a "transferor" as defined by 49 C.F.R. § 580.3.
10. Defendant Wail Abushaar is an owner and member of Pioneer Automotive LLC.

11. Wail Abushaar is the owner of the Arizona registered trade name Pioneer Automotive.

12. Upon information and belief, Wail Abushaar controls, manages, and oversees the day to day operations of Pioneer.

13. As an owner of Pioneer, and controlling the day to day operations of Pioneer, Wail Abushaar is liable as a "transferor" as defined by 49 C.F.R. § 580.3.

14. Defendant Insurance Auto Auction, Inc. ("IAA") is a California corporation, registered to conduct business within the State of Arizona.

15. IAA is licensed by the State of Arizona as a Used Motor Vehicle Dealer.

16. At all times relevant herein, IAA acted on behalf of and as agent for Pioneer pursuant to a Power of Attorney signed by Wail Abushaar on behalf of Pioneer.

17. IAA is a "transferor" as defined by 49 C.F.R. § 580.3.

18. Defendant K & K Motors LLC ("K & K") is a Missouri limited liability company which conducts business within the State of Arizona.

19. K & K is a "transferor" as defined by 49 C.F.R. § 580.3.

20. At all times relevant herein, Defendant Justin Shecton was an Arizona resident residing in Pima County.

21. Justin Shecton is a "transferor" as that term is defined by 49 C.F.R. § 580.3.

22. Upon information and belief, at all times relevant herein, Shecton

was acting in concert with and on behalf of, and agent for K & K.

## III.  FACTUAL ALLEGATIONS

23. The Altima was first put into service on April 15, 2013. (Exhibit A: CarFax Report dated October 5, 2017)

24. By October 28, 2016, the Altima had accumulated 157,818 miles on the odometer. (Exhibit A)

25. On or about May 30, 2017, Pioneer acquired the Altima with 157,818 miles on the odometer. (Exhibit B: Title Dated May 30, 2017)

26. On August 18, 2015, Defendant Wail Abushaar signed a Master Power of Attorney giving IAA power of attorney and authority to act on Pioneer's behalf to transfer title to Pioneer's vehicles stored at IAA. (Exhibit C: Master Power of Attorney dated August 15, 2015)

27. On August 3, 2017, Pioneer sold the Altima to K & K. (Exhibit B)

28. At the time of the sale to K & K, Pioneer left the odometer reading on the title blank, in violation of the federal Odometer Act. 49 C.F.R. § 580.5. (Exhibit B)

29. IAA acted on behalf of and as agent for Pioneer when the title was transferred to K & K. (Exhibit B; Exhibit C)

30. IAA failed to enter an odometer reading on the back of the title on behalf of Pioneer as required by the federal Odometer Act.  49 C.F.R. § 580.5. (Exhibit B)

31. While titled to K & K, on or about September 21, 2017, Shecton placed an advertisement to sell the Altima on Facebook on behalf

of K & K.

32. The Facebook advertisement stated:

> 2013 Nissan Altima 2.5 S
> 2103 Nissan Altima S for sale it is a 2dr coupe 59k original miles. Super clean car. Just ran through emissions last week! Passed no problem... Tucson, AZ
> Asking Price  $6,500

33. Plaintiff was looking for a reliable vehicle for his teenage daughter when he saw the advertisement on Facebook.

34. Plaintiff contacted Shecton, looked at the Altima, and test drove it.

35. The mileage showing on odometer at the time matched closely to the advertised mileage of 59k.

36. Relying upon the representations of Shecton made on behalf of K & K, Plaintiff agreed to purchase the Altima for $5,850. (Exhibit D: Bill of Sale dated September 25, 2017)

37. After giving Shecton the purchase price of $5,850 in cash, Shecton provided Plaintiff with the title to the Altima. (Exhibit B)

38. The title showed that K & K had signed the title as transferor to Plaintiff. (Exhibit B)

39. At the time the title was presented to Plaintiff, K & K had purposefully not entered the mileage on the back of the title as required by the federal Odometer Act, but had left in blank. 49 C.F.R. § 580.5.

40. Based on the facebook advertisement and the reading on the Altima's odometer, Plaintiff entered 59,893 as the mileage on the title believing it had to be completed before the title could be transferred.

41. K & K's agent represented to Plaintiff that the Altima had 59K original miles, which was false.

42. While Pioneer had ownership to the Altima, the odometer on the Altima was altered or rolled back from 157,818 or more, to 59,893 miles.

43. In the alternative, while K & K had ownership to the Altima, the odometer on the Altima was altered or rolled back from 157,818 or more, to 59,893 miles.

44. Each defendant knew that the mileage discrepancy would make the actual value of the Altima worth much less than the price Plaintiff paid for the vehicle.

45. Each defendant knew that a subsequent buyer like Plaintiff would rely upon their false representations concerning the odometer disclosures on the Altima.

46. Plaintiff in fact relied upon the affirmative misrepresentations concerning the mileage made by Pioneer, K & K, and Shecton in making the decision to purchase the Altima.

47. Plaintiff did not know that the prior odometer disclosures were false, or that the odometer had been rolled back when he purchased the Altima.

48. Plaintiff would not have purchased the Altima had he known the true status of the odometer and mileage of the Altima.

## V.  CAUSES OF ACTION

## CAUSE OF ACTION NO. 1

## Violation of the Federal Odometer Act

## (All Defendants)

49. Plaintiff sets forth the foregoing allegations as if set forth herein.

50. The foregoing acts and omissions by Defendants violate the federal Odometer Act, 49 U.S.C. § 32701 *et seq*.

51. Each defendant violated the Odometer Act with the intent to defraud when providing an odometer disclosure statement which was false.

52. Defendant Pioneer also violated the Odometer Act when failed to provide an odometer disclosure on the title and left the mileage blank.

53. Defendants also violated the Odometer Act when they altered or caused the odometer reading on the Altima to be altered by a third party.

54. In accordance with 49 U.S.C. § 32710(a) and (b), Plaintiff is entitled to recover from each defendant three times the amount of his actual damages sustained or $10,000.00, whichever is greater, together with reasonable attorney's fees and costs.

55. In case of default, Plaintiff's actual damages are no less than $3,850.00.

## CAUSE OF ACTION NO. 2:

## Violation of Arizona Consumer Fraud Act

## (Defendant Saba's Limo Inc.)

56. The foregoing acts and omissions of K & K and Shecton constitute violations of the Arizona Consumer Fraud Act, A.R.S. § 44-1521 et seq. (hereinafter "ACFA").

57. K & K and Shecton used deception, false pretense, false promise, and misrepresentations that the Altima had 59,893 actual miles on it when in fact the mileage was in access of 157,818 miles nearly a year earlier.

58. K & K's and Shecton's conduct also violates A.R.S. § 44-1223(A)(4) which prohibits selling or offering to sell, with intent to defraud, a motor vehicle on which the odometer does not register the true mileage driven.

59. Such deception, false pretense, false promise, misrepresentation, and omission of material information were made in connection with sale of merchandise.

60. K & K and Shecton intended that Plaintiff rely upon such deception, false pretense, false promise, misrepresentation, and omission of material information.

61. In fact, Plaintiff relied on such deception, false pretense, false promise, misrepresentation, and omission of material information, and agreed to purchase the Altima.

62. Plaintiff suffered damages as result of reliance on the deception, false pretense, false promise, misrepresentation, and omission of

|   |   |   |
|---|---|---|
| 1 |  | material information made by K & K and Shecton. |
| 2 | 63. | In violating the ACFA, K & K and Shecton acted with an evil mind, |
| 3 |  | intending to economically injure Plaintiff, or consciously |
| 4 |  | disregarded the substantial risk that its conduct would cause |
| 5 |  | significant economic harm to Plaintiff. |
| 6 | 64. | Punitive damages are proper because a person who violates A.R.S. |
| 7 |  | § 44-1223(A)(4) shall be guilty of a class 1 misdemeanor. |
| 8 | 65. | Plaintiff is therefore entitled to recover his actual damages, plus |
| 9 |  | punitive damages. |
| 10 | 66. | Plaintiff is also entitled to recover his reasonable attorney's fees |
| 11 |  | and costs pursuant to A.R.S. 12-341.01. |
| 12 | 67. | In case of default, Plaintiff's actual damages are no less than |
| 13 |  | $3,850. |
| 14 | 68. | In case of default, Plaintiff seeks punitive damages of $20,000.00 as |
| 15 |  | the appropriate amount pursuant to the Due Process Clause of the |
| 16 |  | United States Constitution. |

## IV.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants as follows:

a) Statutory damages against each defendant in the amount of $10,000.00 or three times actual damages, whichever is greater;

b) Actual damages against Defendant K & K and Shecton;

1      c)      Punitive damages against Defendant K & K and Shecton;

2      d)      Costs and reasonable attorney's fees against each defendant; and

4      e)      Such other relief as may be just and proper.

DATED    October 9, 2017    .

        s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff